HENRY LAVILLE *v.* JEAN BIGUENAUD.

An action for damages on account of a malicious prosecution, cannot be sustained, except on proof of malice in the defendant, and of want of probable cause for the prosecution of which plaintiff complains.

Actions of this sort have never been favored,—a clear case must be made out, of a perversion of the forms of justice to the satisfaction of private malice, and the willful oppression of the innocent, in order to sustain them.

APPEAL from the District Court of the Parish of St. Martin, *Simon, J.*

*Deblanc & Fuselier,* for plaintiff. *Simon & Gary,* for defendant and appellant.

BUCHANAN, J. This is an action for damages for a malicious prosecution, and for public defamation.

The prosecution charged to be malicious was an affidavit made by defendant before a Justice of the Peace, that plaintiff had committed perjury in a suit wherein one *Champagne* was plaintiff, and the affiant was defendant. Upon this affidavit plaintiff was arrested, and, after examination, was discharged by the Justice.

The slander charged is, that defendant publicly declared that plaintiff " had perjured himself in the case above mentioned, and that, cost what may, he would have him sent to the penitentiary at Baton Rouge."

The answer of defendant denies generally the allegations of the petition, and specially denies malice; pleads that his affidavit before the Justice of the Peace was made according to law, and in the discharge of his duty as a good citizen; and specially denies the public defamation as charged.

It appears from the evidence, that the plaintiff, a journeyman cooper, was employed by *Champagne,* a cooper, in making certain hogsheads and repairing others for defendant, who refused to pay *Champagne,* on the ground that the work was badly done. A long time afterwards,—more than a year, as stated in plaintiff's brief,—*Champagne* sued defendant for this work before a Justice of the Peace, and recovered judgment upon the testimony of plaintiff. Defendant went, therefore, before another Justice of the Peace, and made oath that he had reason to believe, and did believe, that plaintiff had been guilty of perjury in the testimony thus given by him; and prayed that he might be arrested and dealt with according to law.

Plaintiff was arrested, and, after examination, was discharged by the magistrate.

The well established rule of practice, that an action of this kind cannot be sustained except on proof of malice in the defendant, and of want of probable cause for the prosecution of which plaintiff complains, is founded in the soundest reasons of public policy.

The individual, upon whose oath the warrant issues for the arrest of another as a criminal, is not considered in law as a party plaintiff in the criminal prosecution, but as a witness for the State—in many cases a witness by compulsion—discharging a duty to the commonwealth, in a matter of public interest. To treat this individual as warranting the success of the prosecution, at the risk of his fortune, would have a direct tendency to discourage the prosecution of offenders against the laws, and to ensure the impunity of crime. Actions of this sort have,

therefore, never been favored. A clear case must be made out, of the perversion of the forms of justice to the satisfaction of private malice and the willful oppression of the innocent.

In *Womack* v. *Kemp*, 6 N. S. 477, it was held by this court, (Martin, J.,) that a charge of perjury made in a legal proceeding, with the view of bringing the accused to justice, is not actionable, even although the oath charged to have been false was not technically a perjury, but a voluntary affidavit, not made nor intended to be used in a legal proceeding.

And in *Donovan* v. *New Orleans*, 11 An. 711, we held that the expression " every act of man " in Article 2294 of the Civil Code, does not apply to a lawful act.

In the present case, we find no proof of malice on the part of defendant. The expressions used by him to witnesses : " he would see the end of the affair," and " if the fellow does not go to the penitentiary, they are all rogues," do not amount to such proof. They are perfectly consistent with the idea of an intention to vindicate public justice, and nothing more.

As to the want of probable cause, the only proof offered by plaintiff is the testimony of *Champagne*, the plaintiff in the original suit. This witness declares that *Laville's* testimony in that suit was true and correct. He could scarcely say less, as the party who had gained his cause upon that evidence ; and this may be taken as an offset to the affidavit of his adversary, that *Laville's* testimony was false. But *Domingeau*, another witness of plaintiff, swears that one of the hogsheads hooped by *Laville* burst in rolling it to the river.

On a careful review of the case, we are of opinion that the verdict of the jury is not sustained by the evidence.

There is no proof of the words charged in the second count of the petition.

It is, therefore, adjudged and decreed, that the judgment of the District Court upon the verdict of the jury be reversed, and that there be judgment for defendant, with costs in both courts.