No. 1439.—J. RANDALL TERRY v. J. Q. A. FELLOWS and others.

| 21 | 375 |
| 47 | 252 |
| 47 | 831 |

An action of slander will not lie for anything said by a witness in answer to questions propounded by either party in a judicial investigation.

| 21 | 375 |
| 116 | 439 |

A newspaper is not liable in damages for libel in publishing the testimony of witnesses given before an investigating committee of the Congress of the United States. In giving publicity to such evidence through the newspapers the privilege of the press is not abused.

APPEAL from Fifth District Court of New Orleans. *Leaumont, J. B. R. Forman,* for plaintiff and appellant, *Alexander Walker, W. R. Mills* and *L. M. Day,* for defendants and appellees.

WYLY, J. Plaintiff appeals from a judgment dismissing his suit on the peremptory exception that his petition discloses no cause of action. He claims $50,000 for damages sustained by him on account of a slander and libel uttered and published by the defendants.

The petition alleges that the defendant, Fellows, in giving evidence before a committee of Congress, which was appointed to investigate the causes of the unhappy disturbance in this city on the thirtieth July, 1866, did falsely and maliciously declare that plaintiff, " J. Randall Terry, took part in the late rebellion against the United States,

and in March, 1862, when General Lovell was reviewing the rebel forces in this city to show their strength, he did carry the black flag whereon was a skull and cross-bones, which meant no quarter to the enemy in the fight."

Plaintiff avers that the defendants, W. H. C. King & Co., owners and proprietors of the New Orleans *Times*, did knowingly and maliciously publish the false statements of said witness.

He alleges that said declarations are false and slanderous, have damaged his reputation for loyalty, injured him in public esteem, laid him liable to prosecution for treason and perjury (he having taken the oath kown as the test oath), and have deprived him of a lucrative office under the United States, which otherwise he would have obtained.

The statements, alleged to be slanderous, were made by the witness, Fellows, in answer to the interrogatories propounded to him by the committee of Congress.

The peremptory exception upon which the case was tried raises the question, whether a witness can be held liable in a civil action for declarations made by him in delivering his testimony.

Plaintiff contends that he can be made liable for the injury occasioned by his false statements under the broad doctrine laid down in article 2294 of the Civil Code which declares that, "Every act whatever of man, that causes damage to another, obliges him by whose fault it happened to repair it."

The defendants on the other hand, contend that this comprehensive rule of law does not embrace a case like this, that public policy necessarily excepts witnesses and others in discharge of public duty, from the application of this rule.

The words complained of were uttered by the defendant, Fellows, in response to interrogatories propounded to him as a witness.

He claims immunity from damages, not on account of the subject matter of his testimony, but from the occasion and the capacity in which he delivered it.

As a witness, he was compelled to answer the questions propounded to him by the committee, and, in our opinion, he should not be held responsible in an action for damages.

The administration of justice requires the testimony of witnesses to be unrestrained by liability to vexatious litigation. The words they utter are protected by the occasion, and can not be the foundation of an action for slander.

"Witnesses, like jurors, appear in court in obedience to the authority of the law, and therefore may be considered as well as jurors to be acting in the discharge of a public duty, and though convenience requires that they should be liable to a prosecution for perjury committed in the course of their evidence, or for conspiracy in case of a combination of two or more to give false evidence, they are not respon-

sible in a civil action for any reflections thrown out in delivering their testimony." Starkie on Slander, page 242.

The same author, after discussing numerous authorities, arrives at the conclusion that an action of slander does not lie for anything said or published in the course of a judicial proceeding. Starkie on Slander, 254.

For the reasons assigned we are of opinion that the petition discloses no cause of action against the defendant, J. Q. A. Fellows.

We are also of the opinion that the publication of his testimony by the defendants, W. H. C. King & Co., proprietors of the New Orleans Times, gave the plaintiff no legal cause of action against them. The privilege of the press has not been abused. They have simply published without comment the evidence taken by an investigating committee of Congress, which we deem to be in every respect lawful.

It is therefore ordered and adjudged that the judgment appealed from be affirmed with costs.