Burke vs. Ryan et al.

## No. 9207.

### WILLIAM J. BURKE VS. PHILIP RYAN ET AL.

36 : 951
47 252

36 951
d116 302
116 438

The administration of justice requires that the testimony of witnesses be unrestrained by liability to litigation on account of their statements in that capacity. Their declarations are protected by the occasion, and cannot serve as the foundation for a civil action when they are pertinent and material.

Statements made by witnesses in an *affidavit* before a court of competent jurisdiction, in a criminal proceeding, to support a motion for a new trial, based on the averments of newly discovered evidence, are privileged if applicable, pertinent and material to the subject before the court and do not expose the witnesses to an action in damages, even when the same prove false and malicious.

APPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

*Joseph Brewer* and *E. T. Florance* for Plaintiff and Appellee.

*E. N. Whittemor* eand *Jos. H. Spearing* for Defendants and Appellants.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action in damages for an alleged libel, as uttered and published by the defendants in an *affidavit* voluntarily made by them and filed in a criminal proceeding in which they were not connected, charging that the reputation of plaintiff for truth and veracity among the people who know him is bad, and that they would not believe him under oath.

The defendants filed several exceptions to the petition, and after the same had been overruled they answered, admitting the making of the *affidavit*, averring that they were justified in making the same; that they were not actuated by malice, and that the same was and is true.

The case was tried by a jury, who returned a verdict for $750, for which a judgment was rendered, which is now brought up for review by appeal.

The record shows that the *affidavit* was procured by the counsel of one Myles Diskin to support a motion for a new trial, based on the averment of newly discovered evidence, in a criminal prosecution against him for murder before a court of competent jurisdiction.

It needs no elaborate reference to authorities to establish the proposition of law: that as witnesses, who appear in a court of justice, discharge a public duty; that, though they be liable to a prosecution for perjury, should they commit such, they are not responsible, in a civil action, for any reflection thrown out in delivering their testimony, or for anything said or published by them in the course of a judicial proceeding, even if the statement be false, malicious and without probable

cause. There is put this qualification, however : that statements thus made, in the course of an action, must be pertinent and material to the issue. Starkie on Slander, p. 242-254 ; Townshend on Libel and Slander, §209, 223, 354-5 (note) ; 2 Addison on Torts, §1092 p. 933-5 ; Odgers on Slander, p. 186-192; 121 Mass. 393-399; 3 Metcalfe, 193.

The authorities are also to the effect that every *affidavit* sworn to in the course of a judicial proceeding before a court of competent jurisdiction is absolutely privileged and no action lies therefor, however false and malicious may be the statement therein contained. Odgers, p. 191-2 ; Townshend, §223, 354; 18 Common Bench Rep. 126-146 (86 E. C. L. R.) ; 4 Comstock, 91 ; 2 Sanf. 195 ; 14 West Virg. R. p. 71 *et seq.;* also, 6 N. S. 477, 480, and 21 Ann. 376.

There can be no dispute that Diskin, who had been convicted before a competent court, had a right to move for a new trial as he did, and to support his motion as the law and practice in such cases authorize.

That motion is based on the averment of newly discovered evidence, of surprise, and on other grounds. It is admitted by the petition in this case that the *affidavit* in question was made *"to support"* that motion.

In criminal cases it is the recognized and sanctioned practice to support such motions by *affidavits* ; so much so that it was up to quite recently a mooted question whether *affidavits* were not the only evidence to be adduced, and whether witnesses who were ready to make such *affidavits* could be heard at all in open court in support of such motion. Waterman's Digest, p. 459 ; 31 Ann. 718 ; 34 Ann. 346. In State vs. Hyland, 36 Ann. 97, this Court sustained that affidavits could be filed or witnesses heard.

The evidence (if it need be consulted to arrive at an unquestionably safe conclusion in the determination of the case) is far from establishing that the defendants voluntarily appeared and filed the *affidavit*. It shows that when they were first called upon by the counsel for the accused they were reluctant to speak ; that it is only after they had been subsequently threatened with the compulsory process of the court that they went to court and gave the testimony before the clerk as it appears in the *affidavit*.

They did not file the deposition at all. It was kept by the counsel of the accused and filed by him in behalf of his client " *to support*," as the petition herein charges, the motion for a new trial.

It further appears that the opinion expressed by the defendants in their *affidavit* was not unwarranted, as witnesses heard on the trial have testified to the same effect.

The administration of justice requires that the testimony of witnesses be unrestrained by liability to litigation on account of their statements in that capacity. The declarations which they make are protected by the occasion and cannot serve as the foundation for a civil action.

It would therefore appear that, as the *affidavit* was legal evidence, which the accused had a right to procure and was bound to adduce and to use; as the statements therein were applicable, pertinent and material to the issue raised by the motion for a new trial; as the court was of competent jurisdiction—the witnesses who testified in the case before the clerk in that form cannot be sued in a civil action for any matter therein sworn to by them.

Stress is laid on the ruling in 28 Ann. 435. Without attacking or justifying what was then said or determined, it suffices to observe that the averments in the petition there materially differ from those in the present case; that the *affidavit*, made the foundation of the suit and charged against, was unauthorized by law (C. P. 561) in a civil case, which it was. Besides, it was not pertinent and not material. The ruling was based exclusively on the face of the allegations of the petition, which were, on the exception of "*no cause of action*," taken as true.

It is therefore ordered and decreed that the verdict of the jury be quashed and set aside; that the judgment thereon and appealed from be annulled and reversed, and that judgment be and now is rendered in favor of the defendants, with costs in both courts.