154 So. 26

**OAKES v. WALTHER.**

No. 32178.

March 26, 1934.

E. J. Thilborger and J. J. Cullinane, both of New Orleans, for appellant.

St. Clair Adams and St. Clair Adams, Jr., both of New Orleans, for appellee.

ROGERS, Justice.

Plaintiff appeals from a judgment entered on the verdict of a jury dismissing his suit in damages for an alleged libel uttered and published by the defendant.

Plaintiff alleges that he filed suit against the H. Weil Baking Company and Carl Goldenberg for the recovery of damages for certain physical injuries inflicted upon him by Goldenberg; that the defendants in that suit requested plaintiff to submit himself to a medical examination by Dr. H. W. E. Walther, the defendant in this suit, and that plaintiff in compliance with their request, submitted to such examination; that on the completion of the examination, the present defendant addressed and delivered a letter to the attorneys for the H. Weil Baking Company and Carl Goldenberg, a copy of which letter he attaches to his petition as part.

Plaintiff avers that the last sentence in the letter reading as follows, viz.: "I consider the patient's mental state decidedly abnormal for a man of twenty-five; he is mentally undeveloped, in my opinion," was written and published without just cause or provocation, and that the statement was false, scandalous, malicious, and untrue, and that defendant knew it was untrue; that the statement was made for the purpose of reflecting upon the credibility of plaintiff; to humiliate him, to bring him into ridicule before his neighbors, friends, and acquaintances, and to discredit

him as a witness in his suit against the H. Weil Baking Company and Carl Goldenberg; that he is a stationary engineer by vocation and training, and has always enjoyed the esteem of the people of New Orleans and of his former employers; and that the statement in question deprived him of the esteem, confidence, and respect of his friends, employers, and the general public.

Plaintiff alleges that the statement of which he complains had no connection with the purpose for which he submitted himself for examination, and was, therefore, entirely uncalled for.

Plaintiff also alleges that on the trial of his suit against the baking company and its codefendant, the letter was introduced and read in evidence by the present defendant. Then follows an allegation that plaintiff is entitled to $5,000 damages for the injury to his good name, fame, and reputation and for his mortification and humiliation; and also a request for a trial by jury, which request was granted.

The defense is that the letter or report was a privileged communication, both in respect to its delivery to the attorneys representing the baking company and its codefendant, and in respect to its introduction in evidence and its reading in court; that the words and expressions used in the report were not designed or intended to injure plaintiff or to humiliate him, or to hold him up to public ridicule, but were written only in obedience to defendant's conception of his duty and in the performance of the same; that the contents of the report were pertinent and germane to the issue; that the report was written and delivered to the attorneys in good faith, without malice,

express or implied; and that defendant had probable cause to believe the statements it contained were true. And defendant avers that he does not believe the letter or any of its expressions had the effect of damaging plaintiff, and defendant expressly disclaims any ill will towards plaintiff or any purpose to injure him in the slightest degree.

The defendant, a genito-urinary specialist, is a reputable physician and highly esteemed by members of his profession. He testified that he examined plaintiff upon the request of a member of one of the leading law firms of the city of New Orleans. At the time, this law firm was representing the H. Weil Baking Company and Carl Goldenberg in the damage suit brought against them by the plaintiff.

Defendant testified the statement in his report of which plaintiff complains, viz.: "I consider the patient's mental state decidedly abnormal for a man of 25; he is mentally undeveloped, and in my opinion," was made in explanation of his other conclusions as set forth in his report. It appears that plaintiff was kicked on the rear parts by Carl Goldenberg, the blow causing the injuries for which he brought suit for damages against the baking company and Goldenberg, its president and general manager. Plaintiff complained that as the result of the kick he received from Goldenberg three or four different conditions developed, i. e., hydrocele, a rectal fistule, and impotency. Defendant explained that his examination of plaintiff, on which his report was predicated, was both objective and subjective. The report on its face shows this. Plaintiff's claims and conclusions as to his alleged injuries were apparently unsatisfactory to defendant, and the words of which

plaintiff complains were clearly written in explanation, as defendant states, of his inability to "understand his (plaintiff's) conclusions." The explanation was obviously made in good faith for the purpose of showing why the subjective examination of plaintiff was unsatisfactory and why defendant reached the conclusion there was little or no basis for plaintiff's claim of extensive injury.

The record affirmatively shows that no quarrel or dispute arose between the parties during the course of plaintiff's examination by defendant, and that defendant had no ill will nor cause for ill will towards plaintiff. And the record is wholly barren of any testimony or circumstance from which it can be inferred that defendant's report of plaintiff's physical condition was inspired by malice or prejudice.

■■ Privileged communications are either absolutely privileged or qualifiedly privileged. Qualified privilege exists in a larger number of cases than does absolute privilege.

Newell in his work on Slander and Libel (3d Ed.), p. 475, states the rule in reference to qualified privilege as follows, viz.:

"A communication made in good faith, upon any subject matter in which the party has an interest, or in reference to which he has a duty, either legal, moral or social, if made to a person having a corresponding interest or duty is qualifiedly privileged."

The rule stated has been approved and adopted in this state in the following cases: Buisson v. Huard, 106 La. 768, 31 So. 293, 56 L. R. A. 296; Richardson v. Cooke, 129 La. 365, 56 So. 318; Bayliss v. Grand Lodge of

Louisiana, 131 La. 579, 59 So. 996; McGee v. Collins, 156 La. 291, 100 So. 430, 34 A. L. R. 336.

Within this rule defendant had a qualified privilege to make the statement of which plaintiff complains. He had an interest in the subject-matter about which he was writing. He had been employed to ascertain plaintiff's physical condition and to communicate the result of his findings to his employers. He had become possessed of information affecting their rights, and it was clearly his duty to give them that information. From which it follows, that in making his report to his employers defendant committed no actionable wrong, unless he acted maliciously, which the record shows was not the case.

■ Plaintiff also charged that the alleged libel was published when defendant testified in plaintiff's suit against the baking company and its codefendant. It appears that on the trial of that case, defendant testified he wrote the letter containing the statement of which plaintiff complains.

The testimony complained of was given by defendant when a witness in a judicial proceeding, in response to a question of counsel. The testimony was presumptively privileged and before this presumption can be overcome, the plaintiff must show affirmatively that it was not pertinent and material to the issue. This plaintiff has not done.

The rule that immunity from a civil action attaches to a witness in a judicial proceeding has been recognized by the jurisprudence of this state. See Wamack v. Kemp, 6 Mart. (N.

S.) 477; Laville v. Biguenaud, 15 La. Ann. 605; Terry v. Fellows, 21 La. Ann. 375; Burke v. Ryan, 36 La. Ann. 951.

In Terry v. Fellows it was said: "The administration of justice requires the testimony of witnesses to be unrestrained by liability to vexatious litigation. The words they utter are protected by the occasion, and cannot be the foundation of an action for slander." This statement of the law was substantially repeated in Burke v. Ryan, where the court held that the administration of justice requires the testimony of witnesses be unrestrained by liability to litigation on account of their statements in that capacity. Their declarations are protected by the occasion, and cannot serve as the foundation for a civil suit when they are pertinent and material.

Plaintiff refers to several decisions of this court as holding that the statements in a judicial proceeding are not privileged unless founded upon probable cause. But the decisions cited involved the right of litigants to claim a privilege for statements contained in their pleadings. The distinction between the immunity granted to witnesses and the immunity granted to litigants is pointed out in Lescale v. Joseph Schwartz, 116 La. 293, 40 So. 708, 711, one of the cases cited, where referring to Burke v. Ryan, supra, the court said that case involved the privilege of a witness, an entirely different matter from the privilege of a litigant. "Obvious considerations," said the court, "lead to the protection of a witness, especially a nonvolunteer witness, that have no application in the case of a mere litigant prosecuting, or defending, his private right."

For the reasons assigned, the judgment appealed from is affirmed.

ST. PAUL, J., absent.