REID, Judge
(dissenting).
I believe that the exception of no cause or right of action filed by the defendants that the petition alleged no facts to support the contention of “malice” and that there is no allegation that the said letter was circulated to, or in fact seen by anyone who did not either have an affirmative duty to act in the premises of his official capacity, and thus have the need to know all information concerning plaintiff as an employee, should have been sustained. The doctrine of privileged or qualified communication is in my opinion sufficient to warrant the decision by the Judge of the Lower Court.
Defendants were under a statutory duty to inform the plaintiff, or any other probationary employee, that his services had been terminated and furnish the said employee and the Director reasons therefor in writing. See Civil Service Rule 9.1-Sec. E.
There were no allegations in the petition that the publication of the alleged libellous letter was made to any unauthorized State Officer at the Hospital, nor that the publication was made to Departments or employees other than those of the Hospital or Civil Service, nor that any of the named parties abused the knowledge by re-publication to unauthorized persons.
The Trial Judge ordered the plaintiff to amend her petition within fifteen days to make these allegations or that the exception of no cause of action would be sustained and the petition dismissed at the cost of plaintiff. Plaintiff elected not to amend her petition and accordingly the Judge signed a judgment sustaining the exception of no cause of action.
If, arguendo, we assume that the mere performance of defendants’ statutory duty constituted “publication” of the letter in a legal sense then beyond any shadow of a *39 doubt it was a privileged communication and the defendants are entitled to immunity granted concerning privileged communications.
“The rule with regard to such communication as alleged in the instant case is so well-settled as to be virtually axiomatic :
A communication made in good faith, upon any subject matter in which the party has an interest, or in reference to which he has a duty, either legal, moral, or social, if made to a person having a corresponding interest or duty is qualifiedly privileged. (Emphasis added)
Oakes v. Walther, 179 La. 365 [154 So. 26]
Miller [, Smith and Champagne] v. Capital City Press, 142 So.2d 462 (La.App.)
McGee v. Collins, 156 La. 291 [100 So. 430, 34 A.L.R. 336]
Bayliss v. Grand Lodge, 131 La. 579 [59 So. 996]
Richardson v. Cooke, 129 La. 365 [56 So. 318]
Buisson v. Huard, 106 La. 768 [31 So. 293, 56 L.R.A. 296]
This rule was elaborated in Toomer v. Breaux, La.App., 146 So.2d 723, quoted with approval in the recent celebrated case of Gaillot v. Sauvageau, La.App., 154 So.2d 515:
‘In other more numberous instances, a publication enjoys a “qualified” or conditional privilege, applicable if the communication is made (a) in good faith, (b) on any subject matter in which the person communicating has an interest or in reference to which he has a duty, (c) to a person having a corresponding interest or duty. This privilege arises from the social necessity of permitting full and unrestricted communication concerning a matter in which the parties have an interest or duty, without inhibiting free communication in such instances by the fear that the communicating party will be held liable in damages if the good faith communication later turns out to be inaccurate/ (Emphasis added)
This privilege has been extended to include even a moral duty.
Gaillot v. Sauvageau, 154 So.2d 515
Walsh v. Bertel, 187 La. 877 [175 So. 605]
Berstein [Bernstein] v. Commercial Nat. Bank, 161 La. 38 [108 So. 117]
Oakes v. Walter, 179 La. 365 [154 So. 26]
53 C.J.S. Libel and Slander 89”
The appellant argues that the fact that the letter in question was dictated to a secretary or stenographer who in turn transcribed it was a publication other than to the Director of Civil Service, however, it has been held in 53 C.J.S. paragraph 97 that business communications can be dictated to a stenographer without disturbing this privilege. Quoting from said 53 C.J.S. paragraph 97b(2):

“Business Communications; Dictation to Stenographer

If a business communication is privileged, as being made on a privileged occasion, the privilege covers all incidents of the transaction and treatment of that communication which are in accordance with the reasonable and usual course of business.
Cartwright-Caps Co. v. Fishel, [Fischel] 74 So. 278, 113 Miss. 359 [L.R.A.1918F, 566]
Watwood v. Stone’s Mercantile Agcy., (C.A.D.C.) [90 U.S.App.D.C. 156] 194 F.2d 160 [30 A.L.R.2d 772]
Mandell v. Terminal Beauty Shops, Inc., [Sup.] 201 N.Y.S.2d 233
*40 In. Toomer v. Breaux, 146 So.2d 723, the Court, citing ALI Restatement of Torts, Section 604 and 33 Am.Jur. “Libel and Slander” Section 189, said:
However, the scope of the qualified privilege extends to the reasonably necessary use of clerical personnel in the transmission of privileged communications, as well as to the incidental publication thereof to employees or associates of either the sender or receiver, providing such publication is in the usual course of business and is reasonably necessary to effect the communication of the privileged matter to those entitled to receive it.”
While the plaintiff alleges that the letter was written maliciously there is no indication from the tone and style of the letter that it was actuated by any illwill or wanton desire to injure the plaintiff or her reputation. It was a letter terminating plaintiff’s services and advising her of the reasons therefor.
The Supreme Court of Louisiana in Flanagan v. Nicholson Publishing Company, 137 La. 588 at 595, 68 So. 964 at 966, L.R.A. 1917E, 510, held that libel to define “that deduced by the law from the willfully and wantonly doing of an unlawful act resulting in injury to another.” The officials of the Hospital were performing a legal duty which they are required to do under the law and certainly malice cannot be deduced from this.
The case of Gaillot v. Sauvageau, 154 So. 2d 515 held as follows:
“Words, even though ordinarily slanderous are not so considered when spoken by a party in the performance of a public or official duty, upon a first occasion and without malice.”
It further held:
“When a communication is held to be privileged and based upon facts reasonably believed to be true, malice is not presumed.”
For these reasons I believe that the ruling of the Trial Judge was correct and respectfully dissent from the majority opinion in this case.
Rehearing denied; REID, J., dissenting.