390 So.2d 1355 (1980)
A. D. FREEMAN
v.
John T. COOPER.
No. 11060.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1980.
Rehearing Denied December 19, 1980.
*1356 Satterlee, Mestayer & Freeman, Charlotte A. Hayes, New Orleans, for plaintiff-appellee.
Before SAMUEL, REDMANN and SARTAIN, JJ.
SAMUEL, Judge.
Plaintiff, A. D. Freeman, filed this suit for damages resulting from an alleged libel. The defendant answered, denying liability and affirmatively pleading the truth of the statements made by him, lack of injury to plaintiff as a result of the statements, and qualified privilege because the statements were made in defendant's capacity as an attorney in a judicial proceeding.[1] In addition, defendant filed exceptions of no cause of action which the court referred to the merits.
After a trial on the merits, judgment was rendered in favor of plaintiff in the amount of $1,500. Defendant has appealed.
*1357 Defendant and his wife were engaged in domestic litigation. The proceedings were hotly contested, and the record reveals a great deal of bitterness between them. Plaintiff is the attorney for defendant's wife. Defendant, an attorney, represented himself in the domestic litigation and also represents himself in the present suit.
Defendant originally filed suit for separation from bed and board. Ancillary to that proceeding a judgment was rendered ordering him to make child support payments to his wife and affording him visitation privileges with his son. Subsequently, the defendant voluntarily dismissed his separation suit. The trial judge's action in dismissing the separation suit was upheld by this court and by the Supreme Court in response to the wife's application for supervisory writs to each court.
A short time after the denial of these writs, the wife's attorney, plaintiff in this proceeding, filed a motion in the separation proceeding by which defendant's visitation privileges were suspended ex parte. The motion also sought to have the defendant show cause why the unpaid alimony and child support should not be made executory and why he should not be held in contempt. This motion was filed on May 31, 1978, and it was signed by the trial judge, ex parte, on June 2, 1978. The trial judge vacated his order and restored visitation privileges to defendant on June 30, 1978.
The alleged libel took place in a memorandum filed by defendant in response to his wife's rule to have alimony and child support made executory and to hold him in contempt. The basis of his defense to this rule was that the judgment ordering him to pay alimony and child support automatically fell when the separation action was dismissed, since the alimony and child support judgment was ancillary to the separation proceeding. His position was that his wife should have filed a new motion for support in a then pending divorce action. Defendant could find no Louisiana authority for his position, but he cited several cases from other jurisdictions which support the result espoused by him.
The following statements in defendant's memorandum form the basis for this libel suit:
"Apparently Mr. Freeman and Mrs. Cooper feel that they are above and beyond the law and even after having been slapped down by the Trial Court, the Court of Appeal and the Supreme Court surreptitiously slipped before your Honor a Rule Nisi for contempt, etc., knowing that your Honor had only recently been sworn in and could not know any of the background in regard to this matter...."
"... Mr. Freeman did not bother to advise you of the true status of this matter in fear that your Honor would tell him that even though he may not believe in the judicial system of our State, that your Honor does and refused to sign the order. It is respectfully submitted that the behavior of Mr. Freeman is contemptuous to the dignity of this Honorable Court."
"... even in the rule filed by Freeman, he again lied to the Court in regard to the visitation privileges for in his Rule Nisi, he stated that ...."
".... Of course, Freeman and Mrs. Cooper being outside of the law do not concern themselves about that."
".... Apparently Freeman and Mrs. Cooper have some fetish about hanging on to a dead law suit rather than go forward on their own and exercise whatever rights they have under the law. It is respectfully submitted that is what they should have done in the first place rather than surreptitiously attempt to take advantage of your Honor's recent ascension to the bench."
Procedurally, two issues are presented for our consideration. The first is whether the trial judge committed error by granting plaintiff's motion for protective relief filed in response to defendant's attempt *1358 to depose him and defendant's wife the day before the trial. The trial had been continued on one previous occasion, and there had been ample opportunity for defendant to take depositions prior to trial. Accordingly, we conclude the trial judge acted within his discretion in signing the protective order and refusing to continue the trial for depositions.[2]
The second issue involves the two exceptions of no cause of action filed by the defendant, one to the original petition and the other to a supplemental petition. Defendant argues those exceptions should have been maintained because the petitions fail to state a cause of action as a result of the fact that they do not allege defendant's alleged libelous statements were immaterial and without probable cause. He relies on the case of Viera v. Kwik Home Services, Inc.[3] in which this court, in response to an application for supervisory writs made prior to trial on the merits, set aside a trial court judgment overruling an exception of no cause of action and remanded the matter for amendment to the pleadings on the ground that the petition in reconvention (for damages resulting from libelous statements) did not allege the statements were immaterial and made without probable cause and with malice. The Viera court held that in the absence of such allegations a cause of action for libel has not been stated.
Viera has been criticized in subsequent jurisprudence and while the Supreme Court of Louisiana denied writs,[4] three of the seven justices dissented and were of the opinion writs should be granted. However, assuming arguendo this Viera holding is correct, we do not agree with the defendant on this issue.
The two exceptions in this case were filed on the same day, approximately 3½ months prior to trial on the merits. The record does not reveal that those exceptions were ever set for trial, nor does it reveal that any attempt was made to set them for trial. On the day set for trial on the merits, and prior to the commencement of the taking of evidence, the defendant argued both the exceptions and his request to take a deposition the day before trial, which request had been refused. The court held that the deposition had been sought too late and, because the case had been one of long standing (due, at least in part, to delaying tactics on the part of the defendant), referred the exceptions to the merits.
While Code of Civil Procedure Article 929 provides the peremptory exception, when pleaded before answer, shall be tried and decided in advance of the trial of the case, the trial judge does have some discretion in enforcing this provision[5] and, under all of the circumstances here, especially since the defendant pleaded materiality and probable cause as a defense, thus making his two exceptions somewhat academic, we find no abuse of that discretion. Nor do we find any error in the fact that the trial judge decided the case on the merits, rather than on the two exceptions, following a trial on the merits at which the litigants were given a full opportunity to present evidence as to all the facts involved. In fact, we approve of that procedure. To have maintained the exceptions after trial on the merits would have resulted only in giving the plaintiff an opportunity to amend and then, after amendment, either having the matter submitted on the evidence already taken or going through the motions of hearing that same evidence over again.
We also proceed to the merits under the added authority of Code of Civil Procedure Article 2164 which, in pertinent part, states: "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal."
*1359 The defenses on the merits may be grouped into three sub-parts. First, defendant argues the statements were true. Next, he contends that even if they were not true he is protected by a qualified privilege because the statements were made in a legal proceeding by him as an attorney. Third, he argues plaintiff was not damaged by his statements.
The record does not disclose that plaintiff either lied to the trial court or that he acted surreptitiously or in an unprofessional manner. Acting on behalf of his client, plaintiff stated in the motion that visitation should be suspended because defendant failed to pay alimony and child support, because the wife lacked the funds necessary to buy clothes for the child to send him by airplane from Charleston, Illinois (where she then lived) to New Orleans, and that she did not have the means to transport the child to the airport, since she was without an automobile.
There is no question that defendant was delinquent in the alimony and child support payments he was ordered to pay in the separation suit. Mrs. Cooper testified she lacked funds and told plaintiff she was without sufficient money and transportation to allow her at that time to bring the child to the airport. These statements were the basis for the motion filed by plaintiff in the trial court, and we find no error in the trial court's conclusion that plaintiff acted in good faith in making these statements in the motion, even though defendant claims the child had clothes and Mrs. Cooper had access to an automobile in Illinois. Obviously, an attorney cannot be found at fault solely on the ground that he accepts as true statements made to him by his client and alleges the same in the pleadings he files, even though the statements subsequently prove to be false.
We also find no merit in defendant's argument that plaintiff acted surreptitiously in dealing with the trial judge. Defendant's own exhibit, the motion filed by plaintiff to suspend visitation privileges and to make alimony and child support executory, shows on its face it was filed with the clerk on May 31, 1978 and was not acted upon by the trial judge until June 2, 1978. The only conclusion which we can reach from this unexplained difference in dates is that the clerk transmitted the motion to the trial judge in the usual course of the court's business. There is no evidence of any surreptitious statements by plaintiff to the trial judge.
Nor do we find that plaintiff acted surreptitiously or in an unprofessional manner by filing the rule for executory alimony and for contempt in the separation proceeding after it had been dismissed and the dismissal had been maintained by this court and the Supreme Court. Defendant, by his own admission, states there is no Louisiana authority on the question of whether his voluntary dismissal of the separation suit caused the judgment of alimony and child support rendered in that proceeding to fall automatically. Even if that dismissal actually did have that result,[6] in the absence of Louisiana authority to the contrary, we can conclude only that plaintiff was acting as an advocate in the best interest of his client, and within the limits of the law, by attempting to have the unpaid alimony and child support made executory in the original suit. Thus, plaintiff did not act improperly in this respect. We conclude that defendant's statements about plaintiff in the memorandum are not true.
Likewise, the defense of qualified privilege is not meritorious. In Louisiana an absolute privilege applies to relevant statements made by a witness who is not a party in a judicial proceeding.[7] However, statements by a party or his attorney in a judicial proceeding enjoy only a qualified privilege. Such statements only enjoy a *1360 privilege if they are relevant to the subject matter and are made with probable cause and without malice.[8] The statements complained of by plaintiff demonstrate on their face that the assertions of plaintiff's alleged lies and unprofessional conduct lacked probable cause and were made in a malicious manner since they were unrelated to the legal point at issue. Defendant was upset and personally involved in the proceeding, the contributing factors to his intemperate language. However, statements made by a person who is in a state of excitement or upset, if otherwise libelous, are not justified by his mental or emotional state at the time.[9] We conclude defendant's statements did not enjoy a qualified privilege.
Finally, we consider defendant's argument that plaintiff sustained no damage. No actual or pecuniary damages were proved. Plaintiff testified only that he was teased by deputy clerks about the proceeding, but he did not specifically connect defendant's statements in the memorandum with the teasing by the clerks. Further, plaintiff did not produce testimony to show his professional reputation had been injured in the eyes of the court.
In a suit for libel, no special damages need be proved, and actual pecuniary loss is not the sole rule for assessment of damages. On the contrary, mental suffering alone, or only injured feelings which must inevitably be inferred from libelous statements, can be made the basis of a damage award.[10]
No actual or pecuniary loss having been shown by plaintiff, the trial judge's award had to be limited to compensation for mental suffering or injured feelings. That award of $1,500 is within the "much discretion" in assessing damages afforded him by Civil Code Article 1934(3) and the jurisprudence thereunder.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.
REDMANN, J., dissents with written reasons.
REDMANN, Judge, dissenting.
If plaintiff, as wife's counsel in the visitation problem, had interrogated defendant on the witness stand, "Is it not a fact that your wife could not even transport your son to the airport for lack of funds?", and defendant had responded, "That is a lie," plaintiff would not be entitled to damages for defamation notwithstanding the harshness of the expression of the point of view.
The worst statement by defendant is that plaintiff lied in the rule he filed. But that statement is responsive to the rule and defendant had probable cause (the wife's deposition that she had free use of Dr. Jones's automobile) to brand false the rule's assertion that without child support (coming due after the husband's whole suit was voluntarily dismissed) the wife could not transport the child to the airport.
Thus that statement was privileged because both relevant and made with probable cause. So were the others complained of, although also too strongly worded. I would therefore reverse.
NOTES
[1] Defendant also pled as affirmative defenses the various elements of qualified privilege.
[2] LSA-C.C.P. Art. 1426(1).
[3] La.App., 266 So.2d 732.
[4] 263 La. 368, 268 So.2d 258.
[5] See Comment (b) under LSA-C.C.P. Art. 929.
[6] We pass no opinion on the merits of this legal point.
[7] Oakes v. Walther, 179 La. 365, 154 So. 26; Burke v. Ryan, 36 La.Ann. 951.
[8] Waldo v. Morrison, 220 La. 1006, 58 So.2d 210; Sabine Tram Co. v. Jurgens, 143 La. 1092, 79 So. 872; Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708; Lees v. Smith, La. App., 363 So.2d 974; Foster v. McClain, La. App., 251 So.2d 179; Jones v. Davis, La.App., 233 So.2d 310; Oakes v. Alexander, La.App., 135 So.2d 513.
[9] Gladney v. deBretton, 218 La. 296, 49 So.2d 18.
[10] Kennedy v. Item Co., 213 La. 347, 34 So.2d 886; Santana v. Item Co., 192 La. 819, 189 So. 442; Tuyes v. Chambers, 144 La. 723, 81 So. 265; Jozsa v. Moroney, 125 La. 813, 51 So. 908; Chretien v. F. W. Woolworth Company, La. App., 160 So.2d 854; Johnson v. Crow, La. App., 158 So. 857.