602 So.2d 1084 (1992)
Charles R. GENOVESE, Jr.
v.
Eugene USNER.
No. CA 91 0867.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
Byard C. Edwards, Ponchatoula, for plaintiff-appellee.
Lisa Miley Gary, New Orleans, Roy J. Rodney, Jr., Charles T. Weigel, Jr., New Orleans, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This action is a suit for damages for "breach of confidentiality" brought by the client of a social worker and alleging that the social worker violated the social worker-client privilege of La.R.S. 37:2714 when the social worker testified about his counseling sessions with the client at hearings in the client's suit for a legal separation. The trial court denied the social worker's "motion for summary judgment, or alternatively, exception of no cause of action"[1] and subsequently rendered judgment in favor of the client and against the social worker for $2,500. The social worker took this suspensive appeal.

FACTS
On December 26, 1985, Dr. Charles R. Genovese, Jr. and his wife, Michelle Ritter, *1085 began receiving marriage counseling from Eugene Usner, a board certified social worker.[2] This counseling continued until January 29, 1987. Efforts to save the marriage failed and Genovese and Ritter commenced proceedings for a legal separation. On June 16, 1987, the deposition of Usner was taken by counsel for Ritter and Genovese. Usner refused to testify at the deposition until the parties released him from his obligation of confidentiality, and they did. The third page of this deposition provides, in pertinent part as follows:
STIPULATIONS

It is agreed and stipulated by and between counsel for the parties hereto that the deposition of Eugene A. Usner, Jr. is hereby being taken by agreement of counsel, for purposes of discovery, and for all purposes allowed under Article 1421, et seq., of the Louisiana Code of Civil Procedure, in accordance with law, on Tuesday, the 16th day of June, 1987, in the office of Eugene A. Usner, Jr., 1007 West Thomas Street, Suite I, Hammond, Louisiana;
That the formalities of reading and signing are hereby specifically waived; that all other formalities such as sealing, certification and filing are hereby specifically waived;
That all objections, save those as to the form of the question and responsiveness of the answer, are hereby reserved until such time as this deposition, or any part thereof, may be used or sought to be used in evidence.
(Emphasis added)
During the deposition, Usner testified about matters that would have been privileged as confidential communications between a social worker and his client under La.R.S. 37:2714. Immediately after the deposition, Genovese allegedly "revoked" the waiver of the privilege.[3]
A hearing on the issue of fault in causing the separation was held on March 25, 1988. Ritter called Usner as her first witness. Counsel for Genovese objected on the grounds that the communications between Genovese, Ritter and Usner in the counseling sessions were privileged. The trial judge stated that he knew of no privilege between a social worker and his clients and asked counsel for Genovese to cite authority for this proposition. Counsel for Genovese was unable to cite authority. The trial judge overruled the objection and directed Usner to testify. Usner's testimony centered around the fact that Genovese's busy schedule as a doctor reduced the time he spent with his family.
Genovese filed this suit against Usner on April 8, 1988. A hearing in the separation suit concerning change in child visitation was held on April 15, 1988.[4] Ritter again called Usner as a witness. Genovese objected and provided the trial judge with the pertinent authority concerning the social worker-client privilege. The trial court overruled the objection and again allowed Usner to testify.
The trial court in the separation action found Ritter at fault on the grounds of her "abuse and inhumane treatment". The trial court granted Genovese expanded visitation rights with the couple's son, Jonathan.

WITNESS IMMUNITY

(Assignment of error No. 2)
Usner alleges the trial court erred by failing to hold him immune from liability *1086 for his testimony given at the separation proceedings.
La.R.S. 37:2714 provides as follows:
A. A board certified social worker shall not be examined without the consent of his client as to any communication made by the client to him, or his advice given thereon in the course of professional employment, nor shall the secretary, stenographer or clerk of a board certified social worker be examined without the consent of his employer on any fact, the knowledge of which he has acquired in such capacity, nor shall any person who has participated in any social work therapy conducted under the supervision of a person authorized by law to conduct such therapy, including but not limited to group therapy sessions, be examined concerning any knowledge gained during the course of such therapy without the consent of the person or persons to whom the testimony sought relates.
B. No board certified social worker may disclose any information he may have acquired from persons consulting him in his professional capacity that was necessary to enable him to render services to those persons except:
(1) with the written consent of the client, or in the case of death or disability, with the written consent of his personal representative, other person authorized to sue, or the beneficiary of any insurance policy on his life, health or physical condition; or
(2) when the person is a minor under the age of twenty-one and the information acquired by the board certified social worker indicated that the child was the victim or subject of a crime, then the board certified social worker may be required to testify fully in relation thereto upon any examination, trial, or other proceeding in which the commission of such crime is a subject of inquiry; or
(3) when a communication reveals the contemplation of a crime or harmful act; or
(4) when the person waives the privilege of bringing charges against the board certified social worker for breach of the privilege.
C. Nothing in this section shall be construed, however, to prohibit any board certified social worker from testifying in juvenile court hearings concerning matters of adoption, child abuse, child neglect, or other matters pertaining to the welfare of children.
The privilege in La.R.S. 37:2714 applies to communications made by a husband and wife to a social worker during marriage counseling. See, Wheelahan v. Wheelahan, 557 So.2d 1046 (La.App. 4th Cir.), writ denied, 559 So.2d 1379 (La.1990). The trial judge in the separation action committed legal error when he held that there was no social worker-client privilege and directed Usner to testify as a witness for Ritter.
The trial court in its written reasons for judgment herein made the following statement:
Accordingly, this Court holds that the communications by plaintiff with defendant during the course of therapy/marriage counseling were privileged, and that defendant violated this privilege by testifying at the trial over plaintiff's attorney's objections.
The trial court seems to imply that Usner could have refused to testify. La.C.C.P. art. 1633 provides, in pertinent part, as follows: "A witness who appears but refuses to testify without proper cause shall be considered in contempt of court." The privilege was not "proper cause" to refuse to testify because the court ruled (albeit erroneously) that there was no privilege. When Ritter's attorney questioned him about what was discussed in the counseling sessions, Usner was required to answer, otherwise, he would be in contempt of court. In this procedural posture, Usner lawfully gave the testimony. Any damage to Genovese was caused solely by the court's legal error that allowed Usner to testify. The trial court herein erred by holding that Usner unlawfully violated the privilege enumerated in La.R.S. 37:2714.[5]
*1087 This assignment of error has merit.[6]

DECREE
For the foregoing reasons, the judgment of the trial court is reversed and judgment is rendered in favor of Usner and against Genovese dismissing Genovese's petition with prejudice. Genovese is cast for all costs.
REVERSED AND RENDERED.
NOTES
[1] This court refused to grant supervisory writs to review the trial court's decision.
[2] Usner is engaged in the private practice of marriage and family counseling in Hammond, Louisiana.
[3] Genovese entered into evidence a letter to Usner, dated June 16, 1987, that provides, in pertinent part, as follows: "I do hereby immediately revoke any and all authority which I have granted to you, permitting you to discuss with anyone other than my attorney, Byard Edwards, Jr., any matters which I have ever discussed with you or consulted with you about." Genovese testified in the instant case that he handed a copy of this letter to Usner immediately after the deposition. Usner testified he never saw the letter. It could be argued that once Genovese waived the privilege, he could not revoke the waiver. It does not appear that the deposition was ever entered into evidence in the separation action.
[4] Apparently both Genovese and Ritter filed rules to have Genovese's visitation rights modified.
[5] Louisiana courts have long recognized that there is absolute immunity from civil liability for testimony given by a non-party witness in a judicial proceeding. See for, example, Oakes v. Walther, 179 La. 365, 154 So. 26 (1934); Goldstein v. Serio, 496 So.2d 412 (La.App. 4th Cir. 1986), writs denied, 501 So.2d 208, 209 (La. 1987); Lauga v. McDougall, 463 So.2d 754 (La. App. 4th Cir.1985). The trial court concluded, without citing any authority, this immunity only applies to defamation cases.
[6] Because this assignment of error has merit, we need not address Usner's remaining assignments of error.