826 So.2d 646 (2002)
AMERICAN LIFECARE, INC.
v.
J. Stuart WOOD, PH.D.
No. 2002-C-1354.
Court of Appeal of Louisiana, Fourth Circuit.
August 28, 2002.
Rehearing Denied October 15, 2002.
*647 Richard C. Stanley, William M. Ross, Stanley, Flanagan & Reuter, L.L.C., New Orleans, LA, for Relator.
Henry A. King, Timothy S. Madden, King, LeBlanc & Bland, L.L.P., New Orleans, LA, for Respondent.
(Court composed of Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR.).
MAX N. TOBIAS, JR., Judge.
This matter arises out of an arbitration proceeding in which the defendant/relator, J. Stuart Wood, Ph. D., was selected to render an independent expert opinion as to the business valuation of American Life-Care, Inc. ("American LifeCare"), a party to the arbitration. Dissatisfied with the report he rendered, American LifeCare presented testimony at the arbitration attacking the methodology used by Dr. Wood. As a result, the arbitrator disregarded the appraisal by Dr. Wood, and averaged the other two appraisals in arriving at an award.
American LifeCare filed a post-arbitration lawsuit against Dr. Wood, alleging that he breached his duties to them by improperly performing his valuation of American LifeCare in a number of respects. In response to the suit, Dr. Wood filed a motion for summary judgment, arguing that he is entitled to immunity as a third-party independent expert. In addition, Dr. Wood contended that, because his appraisal was not considered by the arbitrator, American LifeCare had not suffered any damages, and in fact benefited from the report's exclusion. Finally, Dr. Wood argued that the suit was rooted in speculation and not supported by any competent evidence.
Based upon our de novo review and for the reasons set forth below, we find that *648 the trial court erred in denying the motion for summary judgment. Consequently, we reverse the trial court, vacate the judgment, and enter judgment in favor of Dr. Wood.
"Since the 1800s, [the Supreme Court] has recognized the rule that, at least in the context of defamation suits against adverse witnesses, immunity from a civil action attaches to a witness in judicial or quasi-judicial proceedings." Marrogi v. Howard, XXXX-XXXX, p. 8 (La.1/15/02), 805 So.2d 1118, 1124, citing Oakes v. Walther, 179 La. 365, 154 So. 26, 27 (1934); Burke v. Ryan, 36 La. Ann. 951 (1884); Terry v. Fellows, 21 La. Ann. 375 (1869). The Court explained the rationale for this rule:
[C]ommunications made in judicial or quasi-judicial proceedings carry an absolute privilege so that witnesses, bound by their oaths to tell the truth, may speak freely without fear of civil suits for damages.
Id. at p. 9, 805 So.2d at 1124, citing Knapper v. Connick, 96-0434, p. 3 (La.10/15/96), 681 So.2d 944, 946. The general rule in Louisiana is that:
[T]here is absolute immunity from civil liability for testimony given by a nonparty witness in a judicial proceeding, so long as that testimony is pertinent and material to the issue.
Id. at p. 11, 805 So.2d at 1126 (citations omitted). See also La. R.S. 14:50(2).[1]
The courts in Louisiana have also applied the absolute witness privilege to retaliation claims against adverse witnesses, including experts. See, e.g., Moity v. Busch, 368 So.2d 1134, 1136 (La.App. 3 Cir.1979)("As an accepted qualified expert witness [retained by an adverse party], [the defendant] was free to give his opinion whether others might disagree with his conclusions or not."); S.T.J. v. P.M., 556 So.2d 244 (La.App. 2 Cir.1990)(three psychologists appointed by the court during a custody dispute were entitled to absolute judicial immunity from any tort liability asserted in a later suit filed by the losing parent.).
In Marrogi, the Supreme Court made clear that this immunity attaches only to adverse witnesses, both non-volunteer witnesses and expert witnesses. Id. at p. 14, 805 So.2d at 1127-28. However, the Court held that witness immunity or privilege in Louisiana would not bar a claim against a retained expert witness asserted by a party who in prior litigation actually retained the expert, which claim arose from the expert's allegedly negligent performance of his agreed upon duties to provide litigation support services. Id. at p. 25, 805 So.2d at 1133.
The first issue then is whether Dr. Wood was an independent expert witness or was retained by American LifeCare in the prior arbitration. Obviously, Dr. Wood claims that he was an independent expert while the plaintiff argues to the contrary. A more detailed review of Dr. *649 Wood's involvement in the arbitration is necessary to answer the question.
The underlying arbitration involved American LifeCare and its former president, Dr. Richard Lauve, who had entered into an employment agreement that included additional compensation to Dr. Lauve upon his termination by American LifeCare. The additional compensation was to be calculated as a certain percentage increase in the value of the plaintiff, to be determined by business appraisals performed by three experts. Pursuant to the employment agreement, Dr. Lauve and American LifeCare would each retain one appraiser to act as its expert, and then the two experts would select a third appraiser to act as the "independent" expert. Dr. Lauve and American LifeCare each agreed to pay one-half of the third expert's fees. Following the rendition of the three appraisals, the two appraisals nearest in value would be averaged to determine the increase in the company's value. American LifeCare chose D.B.H. Chaffe, III as its expert, while Dr. Lauve chose Dr. Michael Dalton as his expert; Mr. Chaffe and Dr. Dalton, not the parties to the employment agreement, jointly selected Dr. Wood to serve as the third, independent expert.
American LifeCare argues that because Dr. Wood was not "court-appointed" or even "arbitrator-appointed," Marrogi and the cases cited therein have no applicability. However, while both parties to the arbitration paid for Dr. Wood's services, his job was not to "render competent assistance in supporting his client's action against the client's opponent." Id., XXXX-XXXX at p. 21, 805 So.2d at 1132. Instead, he was retained to provide an "armslength," independent appraisal, not to present either side "in the best possible light." Id. Therefore, Dr. Wood was the functional equivalent of a court-appointed expert and is entitled to immunity. The fact that the parties to the arbitration jointly paid Dr. Wood's fees is of no moment and does not change our decision.
The next issue is whether witness immunity extends to an arbitration proceeding. Arbitration is provided for in our Civil Code as a substitute to litigation. See La. C.C. arts. 3099-3122; Montelepre v. Waring Architects, XXXX-XXXX, XXXX-XXXX, p. 3 (La.App. 4 Cir. 5/16/01), 787 So.2d 1127, 1130. The purpose of arbitration is to settle differences in a fast, inexpensive manner before a tribunal chosen by the parties. Montelepre, XXXX-XXXX at p. 3, 787 So.2d at 1130; Bartley, Inc. v. Jefferson Parish School Board, 302 So.2d 280 (La.1974). The parties may submit all their differences or only some of them. La. C.C. art. 3102. Our judicial system is precluded, except in very limited circumstances, from exercising jurisdiction once arbitration has commenced. Montelepre, XXXX-XXXX at p. 3, 787 So.2d at 1130; Spencer v. Hoffman, 392 So.2d 190 (La. App. 4 Cir.1980). The authority of arbitrators extends "only to things contained in the submission, unless it has been stated that they shall have power to decide all disputes which may arise between the parties in the course of the arbitration." La. C.C. art. 3122.
Because of Louisiana's strong public policy favoring arbitration, arbitration awards are presumed valid. Errors of fact or law do not invalidate an award. Montelepre, XXXX-XXXX at p. 4, 787 So.2d at 1130; National Tea Co. v. Richmond, 548 So.2d 930 (La.1989). Arbitration is favored and an arbitration award is res judicata. Montelepre, XXXX-XXXX at p. 4, 787 So.2d at 1130; Rosenbloom v. Mecom, 478 So.2d 1375 (La.App. 4 Cir.1985).
An arbitration is a quasi-judicial legal proceeding, which results in a decision or award that has the force of law. *650 Arbitrations often use expert witnesses to aid the trier of fact (the arbitrator) in coming to that decision or award. Witnesses are sworn to tell the truth. La. C.C. art. 3115. To refuse to extend witness immunity to a witness not selected directly by a party, as outlined by the Supreme Court in Marrogi, would frustrate the arbitration process in the same manner as a court proceeding: by hindering the administration of justice and its objective to uncover the truth. Marrogi, XXXX-XXXX at p. 15, 805 So.2d at 1127-28. See also Footnote 2, infra. Therefore, we find that Dr. Wood is entitled to witness immunity for his appraisal submitted in the arbitration.
Finally, American LifeCare failed to allege an intentional tort or fraud by Dr. Wood. To suggest that Dr. Wood's report would have mirrored the report of American LifeCare's expert had Dr. Wood used a different methodology and/or that he was negligent is irrelevant to the issue of immunity. Dr. Wood is immune for the reasons stated herein. Therefore, summary judgment is appropriate.
Accordingly, we grant Dr. Wood's application for supervisory writ. We reverse the judgment of the trial court and rendered judgment in favor of Dr. Wood dismissing American LifeCare's suit against him with prejudice.
SUPERVISORY WRIT GRANTED; JUDGMENT REVERSED; RENDERED.
JONES, J., concurs in the result.
NOTES
[1] La. R.S. 14:50 provides in pertinent part:

"There shall be no prosecution for defamation in the following situations:
* * *
"(2) Where a statement is made by a witness in a judicial proceedings, or in any other legal proceeding where testimony may be required by law, and such statement is reasonably believed by the witness to be relevant to the matter in controversy...."
We see no reason why this provision contained within our Criminal Code does not have application to civil proceedings, including arbitration, because witnesses in an arbitration may be compelled to appear in the arbitration by a justice of the peace, who shall administer an oath to the witness. La. C.C. art. 3115.