849 So.2d 559 (2003)
Jodi Addison ZUBER
v.
Ed W. BUIE, Individually and d/b/a Information Search, Inc.
No. 2002 CA 1718.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
*560 Lila Tritico Hogan, Hammond, Counsel for Plaintiff-Appellant.
A. Bradley Berner, Ponchatoula, Counsel for Defendant-Appellee.
Before: PARRO, MCDONALD, and CLAIBORNE,[1] JJ.
CLAIBORNE, J.
This appeal raises the issue of volunteer, for-hire witness immunity from a defamation claim for testimony given against the adverse party in a prior court proceeding. For the following reasons, we affirm.

FACTS
Christopher Pisciotta hired Ed W. Buie, a private investigator, in anticipation of a custody hearing concerning Pisciotta's child. Buie was to follow plaintiff, Jodi Addison Zuber, the child's mother, and prepare a report. At the custody hearing, Buie did not testify, but his report was admitted into evidence. Zuber prevailed on the custody issue. Zuber then brought this suit against Buie for defamation, asserting his report contained numerous inaccuracies and innuendos that were damaging.
*561 At the close of plaintiff's case, Buie moved for an involuntary dismissal after the trial court raised the applicability of Marrogi v. Howard, XXXX-XXXX (La.1/15/02), 805 So.2d 1118. The trial court requested memoranda from the parties addressing the applicability of Marrogi and the issue of malice. After considering the parties' memoranda, the trial court found that Buie's "testimony as presented in the prior [custody] trial through the submission of his report is entitled to an absolute privilege," and granted Buie's motion for involuntary dismissal. Zuber appeals.

LAW AND DISCUSSION
Defamation is a tort that involves the invasion of a person's interest in his or her reputation and good name. An action in defamation requires proof of: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. Trentecosta v. Beck, 96-2388, p. 10 (La.10/21/97), 703 So.2d 552, 559. Privilege is a defense to a defamation action. Aranyosi v. Delchamps, Inc., 98-1325, p. 6 (La.App. 1st Cir.6/25/99), 739 So.2d 911, 915, writ denied, 99-2199 (La.11/5/99), 750 So.2d 187.
Privileged communications are divided into two general classes: (1) absolute or unqualified; and (2) conditional or qualified. Aranyosi, 739 So.2d at 915. An absolute privilege protects a speaker without reference to his notion of the truth or falsity of the statement. Black's Law Dictionary 1215 (7th ed.1999). Louisiana law grants an absolute privilege to nonlitigant witnesses in a judicial proceeding when their testimony is pertinent and material to the proceeding. Marrogi, 805 So.2d at 1124. A conditional privilege is applicable if the communication is made: (1) in good faith; (2) on any subject matter in which the person communicating has an interest or in reference to which he has a duty; and (3) to a person having a corresponding interest or duty. Aranyosi, 739 So.2d at 915-16.
While the recent case of Marrogi fully sets forth the law with respect to witness immunity, the issue before the Marrogi court was whether witness immunity bars a claim against a retained expert witness, by a party who in prior litigation retained that expert, which claim arises from the expert's allegedly deficient performance of his duties to provide litigation services. Marrogi, 805 So.2d at 1120. In Marrogi, the physician/plaintiff sued the medical billing analyst/defendant, alleging the analyst breached his contract with the physician to provide medical billing analysis and expert testimony in connection with the physician's prior litigation seeking to recover fees against the physician's employer. The analyst had prepared a report and was eventually deposed concerning his review of the employer's records. During the deposition, the analyst was forced to admit to errors in his report. The analyst then refused to continue the deposition or to provide any of the other litigation support that he had contracted to furnish the physician. The physician's original suit against his employer was eventually dismissed, and the physician then sued the analyst, alleging negligence and breach of contract, or in the alternative, unjust enrichment. Marrogi, 805 So.2d at 1120-21.
In Marrogi, the Louisiana Supreme Court completely reviewed the origin and development of witness immunity, stating, "our courts have long recognized the general rule that there is absolute immunity from civil liability for testimony given by a non-party witness in a judicial proceeding, so long as that testimony is pertinent and material to the issue." Marrogi, 805 So.2d *562 at 1126. This immunity was found to be based on the protected interest of the administration of justice and its objective to uncover the truth. However, after considering whether witness immunity bars a claim against a retained expert witness asserted by the party who hired that expert, the Marrogi court held that "no overarching public purpose is served by applying witness immunity to shield a retained expert witness from a claim subsequently asserted by the party who hired him when the claim alleges deficient performance of his professional and contractual duties to provide litigation support services." Marrogi, 805 So.2d at 1129.
We note that in the instant case Buie was not qualified as an expert by the court in the prior litigation, but was a for-hire, volunteer witness. The instant suit is not by a former client for negligent performance of a contract obligation but is a defamation claim based on statements made in a prior litigation by an adverse witness. Thus, we find Marrogi, while not factually controlling, is instructive to the issue presented in this appeal.
The policy basis for the granting of absolute immunity to non-litigant witnesses is so that all witnesses may speak freely without the fear of a reprisal suit for slander. Moity v. Busch, 368 So.2d 1134, 1136 (La.App. 3d Cir.1979). "The administration of justice requires the testimony of witnesses to be unrestrained by liability to vexatious litigation. The words they utter are protected by the occasion...." Oakes v. Walther, 179 La. 365, 371, 154 So. 26, 28 (1934), quoting Terry v. Fellows, 21 La.Ann. 375, 376 (1869). Immunity is granted so that witnesses, bound by their oath to tell the truth, may speak freely without fear of a civil suit for defamation. Hairford v. Long, 430 So.2d 393, 394 (La.App. 3d Cir.1983). Fear of a civil suit for damages may lead to two forms of self-censorship. First, the witness might be reluctant to come forward to testify, and once on the stand, his testimony might be distorted by the fear of subsequent liability. Marrogi, 805 So.2d at 1124 n. 9.
In Marrogi, this policy was not found to be controlling in a suit by a litigant against his own hired expert. Not allowing an expert witness to hide from civil liability to his client for negligently performing professional services helps rid the system of incompetent experts and ensures that reliable opinion testimony is presented to the fact-finder. Marrogi, 805 So.2d at 1132. "With no sanction for incompetent preparation... an expert witness [would be] free to prepare and testify without regard to the accuracy of his data or opinion. We do not see how the freedom to testify negligently will result in more truthful expert testimony." Marrogi, 805 So.2d at 1133. However, it is clear that the right of action on contract belongs to the litigant who hired the expert, not to third parties.
In the instant case, we make no distinction between Buie's report that was admitted into evidence and his live testimony. Buie's report certainly meets the definition of a "[communication] made in [a] judicial or quasijudicial proceeding...." Knapper v. Connick, 96-0403, p. 3 (La.10/15/96), 681 So.2d 944, 946. In addition, as concerning the adverse party, we find no jurisprudence justifying treating a for-hire witness differently than other witnesses.
The report that Buie prepared and that was admitted into evidence at the custody hearing, detailing his surveillance of Zuber, was certainly "pertinent and material." See Oakes, 154 So. at 27. The issue before the court at the prior custody hearing was the best interest of the child, based on such factors as each party's disposition to provide the child with love, affection, and spiritual guidance, his or her *563 capacity to provide food, clothing, and other material needs, and the moral fitness of the parties. See La. C.C. art. 134. Zuber's activities over the course of a weekend during which she exercised custody of the child could have contributed to the decision-making process.
In view of the recognized policy concerns and the posture of the instant case, we find the fundamental principles of witness immunity continue to shield a forhire, volunteer witness against an adverse party's subsequent defamation claim. The administration of justice and its objective to uncover the truth support the application of witness immunity. Courts must offer witnesses an environment free from apprehension and fear. Possible liability to the adverse party does not guarantee truth, and reliability may be adequately ensured by the witness' oath, the hazards of cross-examination, and the threat of a perjury prosecution. See Bruce v. Byrne-Stevens & Associates Engineers, Inc., 113 Wash.2d 123, 126, 776 P.2d 666, 667 (1989).
In this instance, the witness' report in lieu of live testimony was offered in a judicial proceeding. It was pertinent and material to the proceeding. Therefore, the witness enjoys an absolute privilege protecting him from civil suit regardless of malice or falsity. See Burke v. Ryan, 36 La.Ann. 951, 951-52 (1884). Thus, the trial court's judgment in favor of Buie, dismissing Zuber's demands, was proper.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Judge Ian W. Claiborne, retired, is serving as judge pro tempore by special assignment of the Louisiana Supreme Court.