TERRI F. LOVE, Judge.
 

 | t This appeal arises from a set of leases and fuel supply contracts. The plaintiff alleged that the defendants conspired to create a monopoly and prevent the plaintiff from obtaining Texaco branded gasoline. The refinery defendant filed an exception of no cause of action, which the trial court denied, and granted the plaintiff fifteen days to amend its petition. We find that the trial court erred in denying the exception of no cause of action and reverse.
 

 FACTUAL BACKGROUND AND PROCEDURAL HISTORY
 

 Tuban Petroleum, L.L.C. (“Tuban”) entered into three leases with SIARC, Inc. (“SIARC”) in order to operate three convenience stores under the “Birdies” name. Tuban subsequently entered into three fuel supply contracts with SIARC for Texas Oil Company (“Texaco”) branded gasoline and the utilization of Texaco emblems and credit cards. Tuban alleges that it discovered the gasoline being supplied by SIARC was unbranded.
 

 As a result, Tuban filed a petition for damages against SIARC; Texaco; Home Oil Co., L.L.C. (“Home”); and Motiva Enterprises, L.L.C. (“Motiva”) (collectively “Defendants”) alleging that the companies restrained Tuban’s trade by conspiring to withhold Texaco branded gasoline. Tuban averred that Home |2contracted with Moti-va and SIARC “for the purchase and distribution,” through SIARC, “of branded Texaco fuel from the Motiva Refinery in Norco, Louisiana.” Additionally, Tuban contended that Home and Texaco were “personally aware, on a day by day basis, of the operation of the three convenience stores and the fuel supply thereto, by defendant, SIARC, Inc.” Once Tuban became suspicious, it requested purchase orders from Motiva and SIARC, which were allegedly not produced. Following the accusation, SIARC ceased supplying fuel as required by the fuel supply contracts. Tu-ban then claims it was unable to obtain Texaco branded fuel because of the Defendants’ alleged control of the market. Tu-ban began to operate its stores using unbranded gasoline. As a result, Tuban sought $10,000,000 in compensatory and punitive damages.
 

 
 *522
 
 Motiva and SIARC filed a dilatory exception of improper joinder; a declinatory exception of improper venue; and alternatively, a motion to transfer venue, which the trial court dismissed. Motiva then filed a peremptory exception of no cause of action asserting that the petition did not state a cause of action against it under La. R.S. 51:122 or 123. The trial court denied Motiva’s exception, but ordered Tuban fifteen days to amend its petition. Motiva appealed prior to the expiration of time period for Tuban to amend its petition as required by La. R.S. 5L134.
 
 [1]
 

 I ,/VO
 
 CAUSE OF ACTION
 

 “The function of the peremptory exception is to have the plaintiffs action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action.” La. C.C.P. art. 923. The burden of proving that no cause of action was enumerated in the petition is on the mover.
 
 City of New Orleans v. Bd. of Comm’rs of Orleans Levee Dist.,
 
 93-0690, p. 28 (La.7/5/94), 640 So.2d 237, 253. The peremptory exception of no cause of action is reviewed using the
 
 de novo
 
 standard of review because it involves a legal question, which is based on the sufficiency of the petition.
 
 Bernberg v. Strauss,
 
 08-0488, p. 5 (La.App. 4 Cir. 12/3/08), 999 So.2d 1184, 1187. “No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action.” La. C.C.P. art. 931. The well-pleaded factual allegations in the petition must be accepted as true.
 
 Bernberg,
 
 08-0488, p. 5, 999 So.2d at 1187. “Based thereon, our job is to determine ‘whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.’ ”
 
 Id., quoting Everything on Wheels Subaru v. Subaru South, Inc.,
 
 616 So.2d 1234,1235 (La.1993).
 

 Louisiana utilizes fact pleading, which means that the “mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action.”
 
 Montalvo v. Sondes,
 
 93-2813, p. 6 (La.5/23/94), 637 So.2d 127, 131. “In appraising the sufficiency of the petition we follow the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.”
 
 City of New Orleans,
 
 93-0690, p. 28, 640 So.2d at 253. The petition may be amended if “the grounds of the objection pleaded Lby the peremptory exception may be removed.” La. C.C.P. art. 934. However, if the petition cannot be amended to state a cause of action, the claims shall be dismissed.
 
 Id.
 

 ANTITRUST
 

 Tuban asserts, in its original petition, that Home had a contract with Motiva and
 
 *523
 
 SIARC “for the purchase and distribution, through SIARC, INC., of branded Texaco fuel from the Motiva refinery in Norco, Louisiana.” Secondly, Tuban contends that Motiva was
 

 aware that SIARC, INC., had ceased delivering Texaco branded fuel to plaintiff because of their knowledge of purchase and delivery of fuel from the Moti-va facility to the SIARC outlets and by virtue of their inspection of plaintiffs stations and their knowledge of the cessation of credit card activity, and conspired with SIARC, INC., directly, or by inaction, with SIARC, INC. in carrying out the restrain of plaintiffs trade in violation of LSA R.S. 51:122.
 

 Thirdly, in its opposition to the exception of no cause of action filed in the trial court, Tuban alleged that it “went directly to Motiva when SIARC and Home Oil refused to deliver Texaco branded fuel to it and requested Motiva to sell Texaco branded fuel directly to it, which request was summarily denied by Motiva.” Tuban states no facts to support these conclusions and failed to assert any new facts on appeal, either in brief or at oral argument to support its antitrust allegations.
 

 La. R.S. 51:122
 

 As to the restraint of trade, Louisiana law provides that “[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or 15commerce in this state is illegal.” La. R.S. 51:122(A).
 
 [2]
 
 A party claiming a conspiracy “must include an allegation of damage to competition.”
 
 Abraham v. Richland Parish Hosp. Serv.
 
 Dist. 1-B, 41,141, p. 7 (La.App. 2 Cir. 8/23/06), 938 So.2d 1163, 1169. Additionally, Tuban must show that Motiva’s contracts result in an unreasonable restraint of trade.
 
 State ex rel. Ieyoub v. Racetrac Petroleum, Inc.,
 
 01-0458, p. 4 (La.App. 3 Cir. 6/20/01), 790 So.2d 673, 678;
 
 Jefferson v. Chevron U.S.A. Inc.,
 
 97-2436, 98-0254 (La.App. 4 Cir. 5/20/98), 713 So.2d 785, 789. Conclu-sory statements of fact are insufficient to support the antitrust claim of conspiracy.
 
 State ex rel. Ieyoub,
 
 01-0458, p. 5, 790 So.2d at 678.
 

 The Louisiana Supreme Court has also looked to the federal jurisprudence for guidance because the federal and state antitrust statutes are virtually identical.
 
 See Louisiana Power and Light Co. v. United Gas Pipe Line Co.,
 
 493 So.2d 1149, 1151 (La.1986). The United States Supreme Court stated that “a formulaic recitation of the elements of a cause of action will not” suffice.
 
 Bell Atlantic Corp. v. Twombly,
 
 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). “Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.”
 
 Twombly,
 
 550 U.S. at 556-57,127 S.Ct. 1955, 1966.
 

 We find that Tuban’s petition states mere conclusions that are unsupported by factual allegations. Tuban concluded that Motiva entered into a contract, without identifying the alleged contract, with Home and SIARC and that Motiva knew SIARC stopped selling Tuban Texaco branded fuel "with no other factual support. Tuban also failed to indicate how it could amend its petition to comply |fiwith the fact pleading requirements of a La.
 
 *524
 
 R.S. 51:122 claim. Therefore, we find that Tuban’s action against Motiva pursuant to La. R.S. 51:122 should be dismissed.
 

 R.S. 51:123
 

 “No person shall monopolize, or attempt to monopolize, or combine, or conspire with any other person to monopolize any part of the trade or commerce within this state.” La. R.S. 51.T23.
 
 [3]
 
 Tuban must show that Motiva “either (1) monopolized, (2) attempted to monopolize, or (3) conspired to monopolize any part of the trade or commerce within this state.”
 
 State ex rel. Ieyoub,
 
 01-0458, p. 5, 790 So.2d at 678. Tuban’s pleadings “must state facts sufficient to show that” Motiva “possessed monopoly power in a clearly defined economic and geographic market and had the general purpose or intent to exercise or maintain that power.”
 
 Id.,
 
 01-0458, p. 6, 790 So.2d at 678-79. Failure to define the relevant market, including the product market and geographic market is fatal.
 
 Id.,
 
 01-0458, p. 6, 790 So.2d at 679. The “geographic market is the section of the country in which sellers of a particular product operate” and the “product market encompasses the differences among various commodities and the willingness of buyers to substitute one product for another.”
 
 Abraham,
 
 41,141, pp. 7-8, 938 So.2d at 1169.
 

 Tuban’s petition does not include specific facts demonstrating that Motiva possessed market power or excluded competition. The conelusory allegations that Motiva was aware that SIARC stopped providing Texaco branded fuel and that LMotiva entered into a contract with Home and SIARC are insufficient to show that Motiva possessed monopoly power. Further, Tuban did not define the relevant geographic market regarding Texaco branded fuel or product market. Again, Tuban failed to demonstrate its ability to amend the petition to cure these defects. Accordingly, we find that the trial court erred in denying Motiva’s exception of no cause of action and reverse.
 

 DECREE
 

 For the above mentioned reasons, we find that the trial court erred in denying Motiva’s exception of no cause of action and reverse. Accordingly, Motiva is dismissed with prejudice as a party defendant.
 

 REVERSED.
 

 [1]
 

 . La. R.S. 51:134. Exceptions to be filed in limine litis; disposition; answer; trial; preference
 

 In all cases under this Part the defendant shall file all exceptions in limine litis, or if necessary in the alternative, after the usual delays, and any additional delays as the court may allow; however, a plea to the jurisdiction is not waived by other pleas or exceptions filed. The judge shall take up such exceptions in preference over all other business and shall decide all questions raised in the exceptions within ten days after submission, and his ruling shall have the effect of res judicata, unless the party cast shall appeal within five days. The appeal is returnable within ten days to the appellate court which shall hear and determine the case within forty days. If the exceptions are overruled by final judgment of the appellate court, the defendant shall file his answer covering all questions of controverted fact within fifteen days, and the case may be set for trial on the application of either party, which case the judge shall consider in preference over all other business.
 

 [2]
 

 . The federal statutes are virtually identical. 15 U.S.C. § 1 reads, in pertinent part:
 

 Trusts, etc., in restraint of trade illegal; penalty Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal.
 

 [3]
 

 . 15 U.S.C. § 2 reads, in pertinent part:
 

 Monopolizing trade a felony; penalty Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court.