JOAN BERNARD ARMSTRONG, Chief Judge.
 

 The
 
 pro se
 
 plaintiff, Theodore J. Phillips, appeals the trial court judgment granting an exception of no cause of action in favor of defendant, Craig Gibbs, and denying plaintiffs motion to compel discov
 
 *797
 
 ery. For the reasons set forth below, we affirm.
 

 Mr. Phillips, who has been incarcerated throughout these proceedings, filed a petition for damages against Steven Halbert, private investigator, and Craig Gibbs, attorney at law. The petition alleges that Mr. Phillips paid five hundred dollars to Mr. Halbert to investigate his criminal case, but that he failed to take any action in the investigation and failed to return the advanced funds. The record reflects that Mr. Halbert visited plaintiff in prison on more than one occasion to discuss the ongoing investigation. The record also reflects that plaintiff was not satisfied with Mr. Halbert’s services and requested a refund of the retainer. The cause of action alleged against Halbert is not at issue here.
 

 The petition contains the following allegation against Mr. Gibbs:
 

 3.
 

 Plaintiff, [sic] states that Mr. Halbert used Attorney Craig Gibbs’ name to enter Louisiana State Penitentiarary [sic].”
 

 | ¡¡The petition contains no other specific reference to Mr. Gibbs. The petition also states:
 

 5.
 

 At all pertinent times, defendant(s), or one of them, should have known, or in the exercise of reasonable care should have stopped this theft, fraud and seaming [sic] in this prison facility.
 

 6.
 

 Plaintiff, [sic] further avers that defendants) could have prevented this civil action suit through the exercise of reasonable care, and they failed to exercise such reasonable care.
 

 * * *
 

 8.
 

 Plaintiff further avers that the result from the negligence of the defendants), including, without limination [sic]:
 

 A. Failure to return all funds to the plaintiff as requested several times.
 

 B. Failure to meet all obligation [sic] as a private investigator.
 

 C. Failure to provide monthly reports after advising plaintiff that he would provide him with all said reports.
 

 D. Failure to take any action in the investigation.
 

 Mr. Phillips filed a motion to compel discovery in connection with the interrogatories, requests for production of documents, and admissions that were attached to the petition. Mr. Gibbs filed an exception of no cause of action, asserting that he was not hired by plaintiff as an investigator and was not Mr. Halbert’s employer or employee. Both matters were submitted to the trial court on briefs because of Mr. Phillips’ plaintiffs incarceration.
 

 |sThe trial court rendered judgment on September 23, 2009, granting Mr. Gibbs’ exception of no cause of action and denying plaintiffs motion to compel discovery. Reasons for Judgment were subsequently issued on December 11, 2009, and Mr. Phillips filed this timely appeal.
 

 Exceptions of no cause of action present legal questions, and are reviewed under the
 
 de novo
 
 standard of review.
 
 Tuban Petroleum, L.L.C. v. SIARC, Inc.,
 
 09-0302, p. 3 (La.App. 4 Cir. 4/15/09), 11 So.3d 519, 522. The pertinent question is whether, when viewed in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the petition states any valid cause of action for relief.
 
 Wright v. Louisiana Power & Light,
 
 06-1181, p. 15 (La.3/9/07), 951 So.2d 1058, 1069. This exception is designed to test the legal sufficiency of a petition by deter
 
 *798
 
 mining whether a party is afforded a remedy in law based on the facts alleged in the pleading.
 
 Foti v. Holliday,
 
 09-0093, p. 5 (La.10/30/09), 27 So.3d 813, 817. All well-pleaded allegations of fact are accepted as true and correct, and all doubts are resolved in favor of sufficiency of the petition so as to afford litigants their day in court.
 
 Id.
 
 The burden of demonstrating that a petition fails to state a cause of action is upon the mover.
 
 Id., citing Ramey v. DeCaire,
 
 03-1299, p. 7 (La.3/19/04), 869 So.2d 114, 119.
 

 In opposition to the exception of no cause of action in the present case, Mr. Phillips argues that the fact that Mr. Halbert was authorized to visit him in prison under Mr. Gibbs’ name proves that Mr. Gibbs was involved in the “theft, fraud and seamming” (i.e., taking plaintiffs money and not performing an investigation), or should have known of the scheme through the exercise of reasonable care. However, the petition contains no allegations of any kind against Gibbs. In fact, the petition fails to set forth any factual basis establishing Gibbs’ connection to Mr. |4Phillips or his involvement in the controversy between Messrs. Phillips and Halbert. Thus, we find that the petition fails to state a cause of action against Mr. Gibbs.
 

 The denial of a motion to compel discovery is generally considered an interlocutory ruling or judgment and is not appealable. La.Code Civ. Proc. arts. 1841 and 2083. However, in this case, we can consider the correctness of this interlocutory ruling in conjunction with the appeal of the judgment granting the exception of no cause of action against Gibbs, which is a final and appealable judgment.
 
 People of Living God v. Chantilly Corp.,
 
 251 La. 943, 207 So.2d 752 (1968). We note that plaintiffs brief to this Court does not present an argument concerning the trial court’s denial of the motion to compel discovery. Rule 2-12.4 of the Uniform Rules-Courts of Appeal provides that “[a]ll specifications or assignments of error must be briefed.” The court may consider as abandoned any specification or assignment of error that is not briefed. In the instant case, Mr. Phillips’
 
 pro se
 
 brief does not comport with the requirements of Rule 2-12.4, and thus we have not been provided his reasoning or supporting authorities relevant to this assignment of error. Because Mr. Phillips represents himself, we will examine the record using the applicable standard of review to determine whether the trial court’s ruling was erroneous.
 

 It is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery. This discretion will not be disturbed on appeal absent a clear showing of abuse.
 
 Moak v. Illinois Central Railroad Co.,
 
 93-0783 (La.1/14/94), 631 So.2d 401, 406.
 

 In its reasons for judgment, the trial court said, “[B]ecause Phillips has failed to state a cause of action against Gibbs, this Court will not allow Phillips to go on a | ^fishing expedition. Accordingly, the motion to compel is denied.” Under the particular facts and circumstances of this case, the trial court did not abuse its discretion in denying the motion to compel discovery.
 

 After having reviewed the petition and accepting all of its allegations as true, we find that the petition does not state a cause of action against Mr. Gibbs. We also find no abuse of discretion in the trial court’s denial of the motion to compel discovery. The judgment is affirmed.
 

 AFFIRMED.