ROLAND L. BELSOME, Judge.

\ .FACTS AND PROCEDURAL HISTORY

Appellee, Midland Funding, LLC, filed suit on June 11, 2008, against Appellant, Frankie J. Kelly, for a balance due on a credit card. Requests for Admission of Fact were also filed with the petition. Appellant was personally served on February 13, 2009.
Appellant did not respond to the petition, and the trial court issued a default judgment on March 31, 2009. Notice of the judgment was mailed on April 2, 2009. A Garnishment Judgment ordering the garnishment of Appellant’s wages was signed by the trial court on July 2, 2009. Appellant did not file a motion for new trial, nor did Appellant appeal the March 31, 2009 judgment.
On April 5, 2010,[1] Appellant filed a Petition for Nullity of Judgment. The petition alleged that the evidence submitted by Appellee at the time of the filing of the default judgment was insufficient to sustain a judgment against Appellant. Appel-lee filed an Exception of No Cause of Action, asserting that Appellant would only have a cause of action to annul the final judgment if the judgment was obtained by fraud or ill practices. On October 25, 2010, after a hearing, the trial 12court granted Appellee’s Exception of No Cause of Action and dismissed Appellant’s Petition for Nullity of Judgment with prejudice.
On November 2, 2010, Appellant filed a Motion For New Trial, requesting leave to amend the Petition for Nullity of Judgment to cure the exception, arguing that a case dated August 11, 2009, from the Northern District of Ohio in which Midland Funding, LLC, was a plaintiff,[2] supported an allegation of fraud and ill practices in obtaining the judgment in the instant case.
The trial court held a hearing on January 14, 2011, at which time the court denied Appellant’s Motion for New Trial. Appellant seeks review of both the October 25, 2010 and January 14, 2011 judgments. STANDARD OF REVIEW
[1,2] The Louisiana Supreme Court has recognized that “[i]n reviewing a decision of the trial court on a petition for nullity, the issue for the reviewing court is not whether the trial court was right or wrong but whether the trial court’s conclusions were reasonable.” Belle Pass Terminal, Inc. v. Jolin, Inc., 2001-0149, p. 5 (La.10/16/01), 800 So.2d 762, 766 (citing Kem Search v. Sheffield, 434 So.2d 1067 (La.1983)). The grant or denial of a motion for new trial is reviewed under an abuse of discretion standard. Brooks v. Wiley, 2007-1035, p. 3 (La.App. 4 Cir. 6/4/08), 985 So.2d 1269, 1271 (citing Davis v. Wal-Mart Stores, Inc., 00-445 (La.11/28/00), 774 So.2d 84). A trial court’s grant or denial of an exception of no Scause of action is reviewed de novo. Tuban Petroleum, L.L.C. v. SIARC, Inc., 2009-0302, p. 3 (La.App. 4 Cir. 4/15/09), 11 So.3d 519, 522.[3]
DISCUSSION
Appellant asserts four assignments of error for our review: 1) the trial court *87 erred in ruling that Appellant failed to state a cause of action; 2) the trial court erred in considering the entire record, rather than only the petition; 3) the trial court erred in denying Appellant the opportunity to amend the petition for nullity to state a cause of action; and 4) the trial court erred in refusing to consider evidence of payment.
Assignments of Error # 1 and # 3
In the Petition for Nullity of Judgment, Appellant challenged the documents and evidence submitted by Midland in support of the default judgment that was granted on March 31, 2009. Specifically, Appellant argued that Midland was not qualified to do business with the Secretary of State; that an affidavit from a Midland employee was flawed because no documents were attached to corroborate the affidavit; that no card member agreement or itemized accounting was attached, nor the assignments from Citibank to Atlantic Credit & Finance, and from Atlantic Credit & Finance to Midland Funding; that that pri-ma facie evidence of attorney’s fees was not submitted; and that a supplemental affidavit of correctness was flawed because the affiant had no first-hand knowledge of Appellant’s account.
On appeal, Appellant first argues that the trial court erred in dismissing the Petition for Nullity of Judgment. A final judgment may be annulled where there is a vice of form or substance. La. C.C.P. art. 2001. A final judgment may be Lannulled for a vice of form only if the judgment was rendered against an incompetent person not represented as required by law; if a judgment was rendered against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken; or if a judgment was rendered by a court which does not have jurisdiction over the subject matter of the suit. La. C.C.P. art. 2002.
A final judgment may be annulled for a vice of substance if the judgment was obtained by fraud or ill practices. La. C.C.P. art. 2004. “An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.” Id. A petition for nullity may not be substituted for a defense on the merits. State v. Bailey, 567 So.2d 721, 724 (La.App. 2d Cir.1990). Likewise, it is well-settled that the action provided by La. C.C.P. art. 2004 is not a substitute for an appeal. Smith v. Cajun Insulation, Inc., 392 So.2d 398, 401 (La.1980).
In the absence of a valid reason for a defendant’s failure to defend the original suit in which a default judgment has been taken, a defendant cannot maintain an action for nullity of the judgment based on fraud or ill practices which could have been pleaded in the original suit. Mitchell v. Crane, 485 So.2d 613, 615 (La.App. 4th Cir.1986); Blackburn v. Deason, 447 So.2d 617, 619 (La.App. 4th Cir.1984); Samrow v. Samrow, 428 So.2d 547, 549 (La.App. 4th Cir.1983). Notably, the record in this case does not evidence that Appellant asserted good cause for failure to appear or plead affirmative defenses to the original petition.
15After hearing arguments from both parties, the trial court determined that the allegations made in the Petition for Nullity of Judgment were simply defenses that should have been raised in and answer or an exception to the original petition filed by Midland:
Just to make the record clear, the Exception [of No Cause of Action] on the Petition for Nullity is granted. Upon review of the Petition for Nullity *88 sets forth various ground [sic] thát should have been raised by defendant in her answer and/or exceptions to the original petition.[4] In particularly, [sic] this Court finds that under Louisiana Code of Civil Procedure Articles 2002 and 2004, a party may not establish a cause of action for annulment of a final judgment unless she alleges a technical defect or procedure or form or shows that the judgment was obtained through fraud or ill practices.
Here defendant does not raise issues as to the technical defects to the form of the procedure. Further, Louisiana law is clear that defendant’s failure to timely appear and defend the suit are not grounds for nullity or setting aside the judgment.
Lastly, the court finds that defendant cannot plead fraud or ill practice in an opposition memorandum. Any allegation of fraud and ill practice should have been properly raised in the Petition for Nullity.
We find that the trial court’s conclusions with regard to the dismissal of Appellant’s Petition for Nullity of Judgment were reasonable and therefore decline to disturb that judgment. See Belle Pass Terminal, Inc. v. Jolin, Inc., 2001-0149, p. 6, 800 So.2d at 766.
[ 6With regard to Appellant’s third assignment of error, we find that the trial court properly denied Appellant’s request to amend the Petition for Nullity of Judgment to add allegations involving Midland Funding LLC v. Brent, 644 F.Supp.2d 961 (N.D.Ohio 2009), a case that was available to Appellant at the time the Petition for Nullity for Judgment was filed. After considering Appellant’s arguments, the trial court found that Appellant simply did not make a showing that the Petition for Nullity of Judgment could be amended to assert allegations that the March 31, 2009 judgment was obtained through fraud or ill practices, and accordingly denied the Motion for New Trial.
At the hearing on the Motion for New Trial, the trial court acknowledged that Appellant not only failed to timely assert defenses, but also failed to timely assert allegations that would support a petition for nullity under either La. C.C.P. art. 2002 or 2004:[5]
Now, it appears to me that you’re reaching with respect to the requirements of 2002 and 2004. And that’s what I have to look at to make a determination of whether or not an amendment can cure this. You’re bringing up defenses that really should have been brought a year *89 or so ago when it was originally filed when she was personally served. I mean, I looked at the record to see whether or not she was personally served. She was personally served with the pleading, and she did nothing.
The action and garnishment is going on right now. She’s being garnished for almost a year, if I’m not mistaken. And now we get a petition for nullity, and everything that you’ve asked and which Judge |7Morial considered on the petition for nullity and the exception appears to me to be defenses that should have been raised when the action was originally filed in which she chose not to bring a defense.
After hearing further argument, the trial court ultimately concluded that Appellant had not established grounds to amend the Petition for Nullity of Judgment pursuant to La. C.C.P. arts. 2002 and 2004:
Respectfully, [counsel], I’m going to have to deny your motion for a new trial. I think your request doesn’t rise to sufficiently satisfy the requirements of being allowed to amend pursuant to [La. C.C.P. art.] 934 and particularly as it relates to Articles 2002 and 2004 and the various issues relative to this case in which are replete in the motions, the memorandums, and the record. That’s my decision.
Considering the record and the reasoning articulated by the trial court, we find no abuse of discretion on the part of the trial court in denying Appellant’s Motion for New Trial. See Brooks v. Wiley, 2007-1035, p. 3, 985 So.2d at 1271.
Based on [counsel’s] representations in your motion, and you have two points that you point to, one being that you just referred to relative to those payments to Atlantic Credit, you mentioned in your motion that because of Hurricane Katrina, Ms. Kelly could not I guess get documentation relative to these payments. But Hurricane Katrina occurred in '05 in New Orleans. I’m not quite sure where she got these Atlantic Credit records, but I’m sure she could have *90 gotten them. It’s a defense she could have made. I mean, I have a problem that this is not fraud or ill practice. She is asserting a defense that she could have asserted back when the matter was originally filed.
*89 Assignment of Error # 2
With regard to Appellant’s second assignment of error, a review of the record does not evidence that Appellant objected to the trial court’s remark that it was examining the entire record. Furthermore, even if it were error for the trial court to consider the entire record, “[t]he determination is whether the error, when compared to the record in its totality, has a substantial effect on the outcome of the case.” Thomas v. A.P. Green Indus., Inc., 2005-1064 (La.App. 4 Cir. 5/31/06), 933 So.2d 843, 865 (quoting Emery v. Owens-Corporation, 2000-2144, p. 7 (La.App. 1 Cir. 11/9/01), 813 So.2d 441, 449). “And it is defendant’s [the appellant’s] burden to so prove.” Id.; see also La. C.E. article 103(A)(“[e]rror may |snot be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected.”). We do not find that the trial court’s indication that it would consider the entire record had a substantial effect on the trial court’s ultimate decision to dismiss the Petition of Nullity of Judgment, and that the error, if any, was harmless.
Assignment of Error # 4
With regard to Appellant’s fourth assignment of error, the trial court determined that the alleged evidence of payments to Atlantic Credit[6] was an affirmative defense that Appellant could have pleaded in the original suit.[7] We agree. *90 See La. C.C.P. art. 1005. Therefore, we find that the trial court properly declined to consider the alleged evidence.
DECREE
For the foregoing reasons, the trial court’s October 25, 2010 and January 14, 2011 judgments are hereby affirmed.
AFFIRMED

. The record indicates the petition was fax filed on March 30, 2010.

. Midland Funding LLC v. Brent, 644 F.Supp.2d 961 (N.D.Ohio 2009) modified on reconsideration, 308CV1434, 2009 WL 3086560 (N.D.Ohio Sept. 23, 2009).

.Additionally, the determination of whether there is sufficient proof to support a default judgment is a question of fact and shall not be disturbed on appeal unless it is manifestly erroneous. Mooring Fin. Corp. 401 (K) Profit Sharing Plan v. Mitchell, 2008-1250, p. 4 (La.App. 4 Cir. 6/10/09), 15 So.3d 311, 315.

. With regard to affirmative defenses, La. C.C.P. art. 1005 provides as follows:
The answer shall set forth affirmatively negligence, or fault of the plaintiff and others, duress, error or mistake, estoppel, extin-guishment of the obligation in any manner, failure of consideration, fraud, illegality, injury by fellow servant, and any other matter constituting an affirmative defense. If a party has mistakenly designated an affirmative defense as a peremptory exception or as an incidental demand, or a peremptory exception as an affirmative defense, and if justice so requires, the court, on such terms as it may prescribe, shall treat the pleading as if there had been a proper designation.

. The trial court further stated:
But with respect to your petition for nullity and with respect to the exception of no cause of action, we’re looking at the pleadings, your well pleaded complaint, to make an assertation [sic] of whether or not your pleadings will survive what is required under [La. C.C.P. articles] 2002 and 2004 in an action of nullity.... You had quite a bit of time to come in there and argue what you — false, misleading allegations with respect to the patterns and practices of Midland to support your action. And now you want to come back in and amend to try and make your claim.

. As noted previously herein, Appellant’s debt apparently originated with a Citibank VISA, was assigned to Atlantic Credit & Finance, and then assigned to Midland Funding.

. The trial court directly addressed this issue at the January 14, 2011 hearing, stating: