**BILLY SPAIN**

**VERSUS**

**H&H INVESTORS, L.L.C., ET AL.**

\*      **NO. 2023-C-0491**

\*

     **COURT OF APPEAL**

\*

     **FOURTH CIRCUIT**

\*

     **STATE OF LOUISIANA**

\* \* \* \* \* \* \*


ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-10771, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Paula A. Brown, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)


**LOBRANO, J., DISSENTS AND ASSIGNS REASONS**
**CHASE, J., DISSENTS**

James M. Garner
Joshua S. Force
Grant G. Butler
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112

    COUNSEL FOR DEFENDANT/RELATOR

Hannah D. Adams
Julia K. Jack
David H. Williams
SOUTHEAST LOUISIANA LEGAL SERVICES
1340 Poydras St. Suite 600
New Orleans, LA 70112

    COUNSEL FOR PLAINTIFF/RESPONDENT

**WRIT GRANTED; REVERSED**
**SEPTEMBER 26, 2023**

*PAB*
*RLB*
*NEK*

Relator, Archon Information Systems, L.L.C., seeks review of the district court's June 29, 2023 judgment, which overruled its exception of no cause of action and exception of prescription. For the reasons that follow, we grant Relator's writ application, reverse the district court's judgment overruling its exception of no cause of action, sustain its exception of no cause of action, and dismiss Respondent's, Billy Spain, claim of absolute nullity.

## FACTS AND PROCEDURAL HISTORY

Respondent became delinquent on the property taxes due for the property located at 6310 Stratford Place, New Orleans, Louisiana 70131 ("the property"). On July 12, 2011, September 19, 2011, July 23 2012, and September 11, 2012, the City of New Orleans ("the City") through its contractor, Relator, sent notices by certified mail to Respondent notifying him that his taxes were delinquent and his property was scheduled for tax sale. The green cards from all four certified mailings were returned "unclaimed/unable to forward." Allegedly, these notices were also sent to Respondent by first-class mail, but he did not receive the notices.

1

On September 25, 2012, the property went to tax sale. Because there was no buyer at the tax sale, the property was adjudicated to the City. A tax sale certificate was recorded on July 1, 2016. Respondent did not redeem the property.

On July 1, 2022, the City sent notice to Respondent that his interest in the property would be terminated if he did not redeem the property by making all required payments to the tax collector or file a lawsuit within sixty days. Respondent admits that he received this notice.

Despite receiving the July 1, 2022 pre-deprivation notice, Respondent did not redeem the property or file a lawsuit within the sixty-day time period. On September 19, 2022, the City sold the property to H&H Investors, L.L.C. On November 22, 2022, after the sixty-day time period had expired, Respondent filed a lawsuit seeking to annul the tax adjudication and subsequent property sale. Thereafter, on February 9, 2023, Relator filed exceptions of no cause of action and prescription. Respondent filed an opposition memorandum on June 7, 2023. The matter came for hearing on June 16, 2023, and the district court signed a written judgment denying the exceptions on June 29, 2023.

In overruling Relator's exception of no cause of action, the district court held that the alleged defects or deficiencies in the pre-tax sale notice to Respondent were sufficient to support a "cause of action under the law with respect to absolute nullity with respect to the tax sale in this matter." The court overruled the exception of prescription on the basis that "there is no prescription with respect to absolute nullities." This timely writ application for supervisory review followed.

DISCUSSION

A district court's ruling on a peremptory exception of no cause of action presents a legal question and is thus reviewed under the *de novo* standard of review. *Phillips v. Gibbs*, 10-0175, p. 3 (La. App. 4 Cir. 5/21/10), 39 So.3d 795, 797 (citing *Tuban Petroleum, L.L.C. v. SIARC, Inc.*, 09-0302, p. 3 (La. App. 4 Cir. 4/15/09), 11 So.3d 519, 522). The pertinent question on an exception of no cause of action is whether, when viewed in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. *Id.* (citing *Wright v. Louisiana Power & Light*, 06-1181, p. 15 (La. 3/9/07), 951 So.2d 1058, 1069). This exception is designed to test the legal sufficiency of a petition by determining whether a party is afforded a remedy in law based on the facts alleged in the pleading. *Phillips*, 10-0175, p. 3, 39 So.3d at 797-98 (citing *Foti v. Holliday*, 09-0093, p. 5 (La. 10/30/09), 27 So.3d 813, 817). All well-pleaded allegations of fact are accepted as true and correct, and all doubts are resolved in favor of sufficiency of the petition so as to afford litigants their day in court. *Phillips*, 10-0175, p. 3, 39 So.3d at 798. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. *Id.* (citing *Ramey v. DeCaire*, 03–1299, p. 7 (La.3/19/04), 869 So.2d 114, 119).

This Court has held that a deficiency in pre-tax sale notice is insufficient for purposes of nullifying a tax sale. *Sunset Harbour v. Brown*, 22-0572, p. 6 (La. App. 4 Cir. 1/9/23), 356 So.3d 1167, 1171-72 (citing *Cmty. Associates, Inc. v. Taylor*, 19-0242, p. 7 (La. App. 4 Cir. 7/31/19), 364 So.3d 1, 6); *see also PCOF*

3

*Properties, L.L.C. v. Joseph*, 21-0341, p. 6 (La. App. 4 Cir. 12/1/21), 332 So.3d 220, 224 n. 2 (where this Court observed that "only deficiencies in post-tax sale notice provide a ground for seeking nullification of a tax sale"). Further, this Court has recognized that "any deficiency in pre-sale notices can be cured by proper post-sale notice." *Klein v. Henderson*, 21-0317, p. 19 (La. App. 4 Cir. 11/17/21), 332 So.3d 764, 777 n. 13 (quoting *Stow-Serge v. Side by Side Redevelopment, Inc.*, 20-0015, p. 7 (La. App. 4 Cir. 6/10/20), 302 So.3d 71, 77 n. 9). This Court has also recognized that "[u]nder the 2008 revisions [to the tax sale laws], 'tax sales may no longer be attacked as absolute nullities.'" *Precept Credit Opportunities Fund, L.P. v. Walker*, 21-0670, p. 8 (La. App. 4 Cir. 6/22/22), 343 So.3d 299, 305 (quoting *Stow-Serge*, 20-0015, p. 5, 302 So.3d at 76).

In the case *sub judice*, the record reflects that Respondent acknowledged receipt of post-sale notice of the tax sale. As such, we find that the district court erred in overruling the Relator's exception of no cause of action on the basis that the alleged defects in the pre-tax sale notices to Respondent were sufficient to support a cause of action for the absolute nullity of the tax sale.

Having found that the Respondent failed to state a sufficient cause of action, we must now determine if an amendment to the petition would have cured the grounds for Relator's exception of no cause of action. Pursuant to La. C.C.P. art. 934, "[w]hen the grounds of an objection pleaded by the peremptory exception [of no cause of action] may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by

4

the court. If the grounds raised through the exception cannot be so removed, the action, claim, demand, issue, or theory shall be dismissed." In light of the fact that Respondent received post-sale notice, an amendment to the petition would not cure the grounds for the exception of no cause of action; thus, dismissal is the appropriate remedy.

## CONCLUSION

For the reasons stated above, we grant Relator's writ application, reverse the district court's judgment overruling Relator's exception of no cause of action, sustain Relator's exception of no cause of action, and dismiss Respondent's claim of absolute nullity[1].

**WRIT GRANTED; REVERSED**

---

[1] Because this Court concludes Respondent has no cause of action for absolute nullity, it is not necessary for this Court to address the peremptory exception raising the objection of prescription.